## THE KHIO.

### GUNBY et al. v. THE KHIO. BAKER-WHITELY CO. v. SAME. JOSEPH R. FOARD TRANSP. CO. v. SAME. UMBACH v. SAME.

*(Circuit Court, D. Maryland. May, 1891)*

SALVAGE—ABANDONMENT OF IMPERILED VESSEL.

The Khio, a large ocean-going steam-ship, was lying in a slip by a wharf. On the opposite side of the slip, about 100 feet in width, was a large elevator. In front of the Khio, and between it and the main body of water, was another steam-ship, the North Erin, of the same class. Suddenly, as if by an explosion, the elevator was enveloped in flames. The heat was intense, and both steam-ships were in imminent danger. The tug-boat Calvin Whitely, coming to the rescue, made fast to the North Erin, and towed her out of the slip to a place of safety. The Khio had put her lines on the Erin, thinking to follow her out, but they were thrown off by the captain of the Erin before they had made much headway. The stern lines of the Khio were still fast to the wharf, to keep her from being carried by the wind, which was a strong one, across the slip to the burning elevator, and when her bow-lines were thrown off her head was carried over the slip, and her danger was very great. Just then the tug-boat John S. Gunby, which had been helping the Whitely take the Erin out, seeing the great danger of the Khio, took a line which her officers had carried to the wharf, and towed her out of the slip to a place of safety. The court allowed in the case of the Erin $1,700 salvage, and in the case of the Khio $2,000. *Held*, on an appeal, as to the proper distribution of these funds, that the Whitely was not entitled to any portion of the amount paid by the Khio, since the casting off her lines in taking out the Erin put her in much greater danger.

Admiralty Appeal.

*Wm. Pinckney Whyte*, for Gunby.

*John H. Thomas*, for Baker-Whitely Coal Company.

*Blackistone & Blackistone*, for Joseph R. Foard Transportation Company.

*Beverley W. Mister*, for Umbach.

*Convers & Kirlin*, for the Khio.

BOND, J. This is a claim for salvage service. On the evening of the 13th of January, 1890, the steam-ship Khio was lying in a slip beside what was known as the "Iron Ore Wharf," pier No. 31. Ahead of her was another steamer, the North Erin, occupying the end of the wharf, or that part of it nearest the main body of water, the Patapsco river. Upon the opposite side of this slip, about 100 feet in width, was the Canton elevator No. 3. The two steamers Khio and North Erin were large ocean-going steam-ships, from 300 to 350 feet in length. While the steam-ships were thus fastened to the wharf on the west side of the slip, suddenly the elevator No. 3 on the east side, with a rapidity amounting almost to explosion, was discovered enveloped in flames.

The heat was intense, and the steam-ships in imminent danger of destruction. At this juncture the tug-boat Calvin Whitely came to the rescue. She made fast to the steam-ship North Erin, and towed her out of the slip to a place of safety. While the Calvin Whitely was making ready to tow the North Erin out of the slip, the captain of the Khio put his lines on the Erin, thinking to follow her out; but the captain of the Erin threw them off before they had made much headway. The Khio still had her stern lines fastened to the wharf purposely to keep the wind, which was a strong one from the west, from moving her into the burning elevator on the east side of the slip. When the Erin threw off her bowlines, her head was blown over to the other side of the slip, where she was in the most imminent peril by fire. However, at this juncture, the steam-tug John S. Gunby, which had been fastened to the North Erin to assist the Calvin Whitely to tow that steam-ship out, seeing the lines of the Khio thrown off the Erin, and the imminent danger she was in from the west wind carrying her into the burning elevator, took a line from the Khio, which her officers had carried to the wharf, and towed her out of the slip to the main water and place of safety. The district judge very properly considered this service rendered by the Calvin Whitely to the steam-ship North Erin, and that rendered by the John S. Gunby to the Khio, a salvage service. The amount allowed by the court in the case of the North Erin was $1,700, and that allowed in the case of the Khio was $2,000. The claimants of the steam-ships have not appealed, and state by their counsel here that they have no ground of complaint. The question is merely one of distribution of the fund allowed. The tug Calvin S. Whitely claims that, because she towed the North Erin out of the way, the Gunby had an opportunity and better chance to tow the Khio out of the slip. But the fact is that whoever had the charge of getting the North Erin out, as far as the Khio is concerned, put her in much greater peril by casting off her lines and suffering her to be drifted into the burning elevator than if she had been let alone. When a vessel starts to assist in a salvage service of two vessels and abandons one, as was done here, she has no claim for anything she may have done before she abandonad the imperiled ship. The Whitely assisted the North Erin to a place of safety, and was amply repaid in her case for that service. But the district judge allowed the tug Chicago and the tug Canton, the one $250 and the other $200, for some alleged service in behalf of the imperiled ships. To this allowance no one seems to make objection, but I am very much of the opinion that the service was of no avail in the rescue of the ships. It was all done after the Gunby had made fast to the Khio. She was abundantly able to tow her out, and was towing her out when these parties insisted upon throwing lines aboard, and the action of the officers of the two tugs Chicago and Canton looks much as if they had an eye to a salvage reward, rather than to any good they could do the Khio. They merely encumbered her with help. I will not alter the decree of the district judge, which I think extremely liberal; but the owners of the Calvin Whitely and Canton and Chicago, who have appealed, must pay the costs; and a decree will be entered in accordance with this opinion.